JAMES G. REYNOLDS, Appellant, v. B. R. HEMPSTEAD
et al., Respondents.

St. Louis Court of Appeals, April 29, 1898.

Motion to Compel Sheriff to Pay Over Amount of Money
Arising From Sale of Lands in Partition; PARTIES TO SUIT:
JURISDICTION. The vice of the motion in the case at bar is that a
party to be vitally affected by any order that could be made on it was
not before the court, was not under its jurisdiction, and there was no
course open to the court but to overrule the motion.

*Appeal from the Cape Girardeau Court of Common
Pleas.*—HON. FRANK E. BURROUGH, Judge.

AFFIRMED.

ROBERT L. WILSON for appellant.

"In partition proceedings the defendants, how-
ever, as well as the plaintiffs, are requested to set
forth fully and particularly the origin, nature and
extent of their respective interests in the property
sought to be partitioned, and the defendants became,
as it were, plaintiffs, seeking affirmative relief, and
bound by all of the rules of pleading to exhibit the facts
upon which alone that relief can be properly extended."
It was as much the duty of defendants as the plaintiff
to advise the court that Taylor was a beneficiary in the
deed of trust executed by defendants on their one
fourth interest. Parties, plaintiffs and defendants, in

partition, are all actors. Freeman on Coten. and Par. [1 Ed.], sec. 499; 17 Am. and Eng. Ency. of Law, pp. 736, 739, and n. 4, on p. 744; Forder v. Davis, 38 Mo. 115; Fulbright v. Cannefox, 30 Mo. 425. Tenants in common must deal fairly, equitably, benevolently and candidly with each other. Picot v. Page, 26 Mo. 421. A petition for partition which discloses the interest of persons not made parties to the suit, does not state a good cause of action, either under the statute or in equity, and a decree entered without bringing in such parties is erroneous on its face and will be reversed on appeal, although no motion in arrest or exception was made in the trial court and preserved in the bill of exceptions. The court will correct any errors in partition proceedings. Aull v. Day, 133 Mo. 337; Lilly v. Menke, 126 Mo. 190, 211. So far as cotenants are concerned the court treats the proceeds arising from the sale of property in partition the same as it regards the property when it is divided in kind; and in the case at bar the Taylor mortgage is a lien upon the share of defendant's funds. Welsh v. Agar, 20 Am. St. 380; Harrison v. Ray, 23 Am. St. 57; Turpin v. Turpin, 88 Mo. 337.

W. H. MILLER for respondent.

In said motion there is no suggestion of fraud or of mistake; no reason is given why the beneficiary in said deed of trust was not made a party to said partition proceeding, neither is there a request that said sale be set aside and the partition proceeding be reopened and Taylor made a party, but the motion is simply a "cold-blooded" affair, asking the court to direct the payment of defendant's money to a stranger to the record. The question of the power of the court, or the duty of the court to have set aside the sale and

brought Taylor in as a party defendant, is not involved and can not be involved in this case, for the reason that Reynolds, the plaintiff, nor Reynolds, the purchaser, does not ask such relief, and the argument of appellant's counsel as to that point, while all right as an abstract proposition, is without merit so far as this particular litigation is concerned. As counsel for respondent views it, the sole question involved is, whether or not the purchaser at a partition sale is affected by the doctrine of *caveat emptor.* In other words, whether or not Reynolds, in the present partition sale, can now subject the interest in the proceeds of that sale, belonging to respondent, now in the hands of the sheriff, to the lien of a mortgage or deed of trust which was on the interest of the defendant at the time of the sale, and which at the time of the institution of the suit was a matter of record. Owsley v. Smith, 14 Mo. 153; Porter v. Davis, 38 Mo. 158; Stewart v. Given, 33 Mo. 103; Swartz v. Dryden, 25 Mo. 572; Cashion v. Faina, 47 Mo. 133.

BLAND, P. J.—At the January term, 1897, of the Cape Girardeau Court of common pleas the appellant filed therein the following motion:

"James G. Reynold, Plaintiff,
　　　　　against
"Benjamin R. Hempstead and
　　Bettie D. Hempstead, Defendants.

"Now comes plaintiff and moves the court for an order on Judson M. Randol, late sheriff of the county of Cape Girardeau, to pay to Robert L. Taylor the net proceeds in his hands belonging to Bettie D. Hempstead arising from the sale of her interest of the real estate sold at this term of this court by said late sheriff in the above styled cause and for reason states: That this

MOTION.         plaintiff and defendant Bettie D. Hemp-
stead were tenants in common in the
real estate sold herein, that plaintiff owned one undi-
vided three fourths interest in said real estate, and
defendant Bettie D. Hempstead, owned one undi-
vided one fourth interest in said real estate. That
said sale, plaintiff and defendants were the competitive
bidders, and this plaintiff was the purchaser at the
price and sum of three thousand and ——— dollars,
which sum he paid to Judson M. Randol, late sheriff,
who made said sale. *That said sum was the full value
of said property.* That since said sale said plaintiff has
learned that defendants, long before said partition pro-
ceedings, had executed to one Robert L. Taylor their
note for three thousand dollars, and, to secure said
note, executed to him a deed of trust on a large
amount of real estate, among others the interest of
said Betttie D. Hempstead in the real estate partitioned
herein. That the real estate embraced in said deed of
trust is of great value. That, although said deed of
trust was duly recorded long before the partition pro-
ceedings herein, its existence was not known to this
plaintiff, and said defendants being persons of sup-
posed large means, this plaintiff never suspected that
any part of their property was encumbered, nor did said
Bettie D. Hempstead, nor her husband, Benjamin R.
Hempstead, suggest or impart any information to
him of the existence of said deed of trust, as his coten-
ant, said Bettie D. Hempstead, in law and good con-
science was bound to do. That said Taylor is now
threatening to sell the interest of said Bettie D. Hemp-
stead in the real estate so partitioned, under his deed of
trust, and unless the order herein prayed for is
granted he would be compelled to pay again for the
interest of his cotenant.''

On the hearing the judgment of partition and

order of sale in the suit of Reynolds and Hempstead and Hempstead, was read in evidence; also the report of the sheriff showing sale of lands described in partition proceedings to Reynolds for $3,000, and the payment by him of the purchase price, and the following stipulation of facts was made: "That all of the statements and allegations made in the motion herein of James G. Reynolds, praying the court to direct the sheriff to pay the proceeds arising from the sale of the interest of the defendant, Bettie D. Hempstead to Robert L. Taylor, the beneficiary in the deed of trust, are true. It was also stipulated and agreed by and between plaintiff and defendants herein, that said deed of trust is still unpaid; also that said deed of trust was on record in the land records of Cape Girardeau county, Missouri, at the date of the institution of the partition suit herein." The motion was taken under advisement to the May term, 1897, of the court, when it was overruled, and the sheriff was ordered to pay over to Bettie D. Hempstead her distributive share of the proceeds of the sale of the land, from which judgment the plaintiff duly appeared.

Taylor was not a party to the partition suit, nor to the motion; nor does the motion ask the court to direct that he be made a party and be brought under the jurisdiction of the court, so that his interests might be determined and equitably administered by the final judgment (the order of distribution) to JURISDICTION: parties to suit. be made in the partition case. The motion asked the court to direct the sheriff to pay over Bettie D. Hempstead's distributive share to Taylor. What guarantee was there that Taylor would accept the payment, or excepting, that he would release the lands sold at the partition sale from the lien of his mortgage? What authority did the court have to compel him to accept payment or to

enter a release? The vice of the motion is that a party to be vitally affected by any order that could be made on it was not before the court, was not under its jurisdiction, and there was no course open to the court, but to overrule the motion. Judgment affirmed. All concur.